UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

JOYCE DECARLI

2004 JAN 16 P 3: 47

    Plaintiff,

U.S. DISTRICT COURT
HARTFORD, CT.

V.

CIVIL ACTION NO.
3:02CV834 (DJS)

CONNECTICUT AUTO AUCTION, LLC

Defendant.

JANUARY 15, 2004

## JOINT TRIAL MEMORANDUM

(1) TRIAL COUNSEL:

Michael W. Kennedy
101 West Main Street
Branford, CT 06405
(203) 481-4040
Attorney for plaintiff

Jonathan J. Klein, Esq.
1445 Capitol Avenue
Bridgeport, CT 06604
(203) 330-1900
Attorney for defendant

(2) JURISDICTION:

Truth In Lending Act 15 U.S.C. §1601 28 U.S.C. §§ 1331 and 1367

(3) JURY/NON JURY:

Both parties agree to a court trial

(4) LENGTH OF TRIAL:

The parties anticipate a one day trial.

(5) FURTHER PROCEEDINGS:

No further proceedings are required prior to trial.

(6) NATURE OF CASE:

**Count I**

Plaintiff's first cause of action is pursuant to the Truth In Lending Act. Plaintiff purchased an automobile and financed same through CT Auto Auction on or about November 10, 2001.

Plaintiff contends that the defendant failed to provide a statement of the consumer's right to obtain, upon a written request, a written itemization of the amount financed pursuant to 15 U.S.C. 1638 (a)(2)(B).

Plaintiff contends that the defendant failed to disclose the annual percentage rate (APR) pursuant to 15 U.S.C. 1638 (a)(3). Improper disclosure of the annual percentage rate entitles the consumer to statutory damages, costs, and attorney fees. 15 U.S.C. $\delta$1640(a)(3).

Plaintiff contends that the defendant failed to disclose the finance charge pursuant to 15 U.S.C. $\delta$1638 (a)(3).

Plaintiff contends that the defendant failed to disclose a statement that a security interest has been taken in (A) the property which is purchased as part of the credit transaction pursuant to 15 U.S.C. 1638 (a)(9).

Plaintiff contends that the defendant failed to disclose a statement indicating whether or not the consumer is entitled to a rebate of any finance charge upon refinancing or prepayment in full pursuant to acceleration or otherwise pursuant to 15 U.S.C. 1638 (a)(11).

The plaintiff demands $1,000.00 as statutory damages, costs, and attorney fees pursuant to 15 U.S.C. $\delta$1640(a)(3).

**Count III**

Plaintiff contends that the defendant violated the Retail Installment Sales Financing Act (RISFA) C.G.S. 36(a) -785(c).

The defendant repossessed the plaintiff's car March 18, 2002. The defendant advised the plaintiff via certified mail that she had 14 days from the date of repossession to redeem the vehicle. Pursuant to C.G.S. 36(a) -785(c) the plaintiff

had 15 days to redeem the car. Therefore plaintiff alleges the defendant misstated the statute and improperly advised the plaintiff of her right under the statute.

Plaintiff demands statutory damages pursuant to 36a-785 C.G.S.A. (25% of the total of payments. (Down payment of $1,500.00 plus $3,845.00 total of monthly payments from 11/16/01 through 3/8/02) Total of payments $5,345.00 x .25 = $1,336.25. Plaintiff also seeks return of the $400.00 repossession fee improperly charged plaintiff when she redeemed her automobile.

**Counts II, IV, and V**

Plaintiff abandons the second, fourth and fifth counts of the complaint.

Defendant's Statement of the Nature of the Case

a. The Plaintiff claims in the First Count that the Defendant failed to provide written disclosures in a form in which the Plaintiff may keep prior to consummation; failed to provide the first date of payment; and suffered monetary losses as a result.

b. The Plaintiff claims in the Third Count that the Defendant repossessed the vehicle on March 18, 2002 but did not provide the Plaintiff 15 days within which to redeem the vehicle, which it alleges is required by C.G.S. Section 36a-785(c), and suffered monetary losses as a result.

c. The Plaintiff has abandoned the Second, Fourth and Fifth Counts of the complaint.


(7) TRIAL BY MAGISTRATE JUDGE:

The parties consent to a trial in front of Magistrate Judge Smith.

(8) LIST OF WITNESSES:

Plaintiff intends to call the plaintiff:

Joyce Decarli
258 Sedgwick Ave.
Stratford, CT 06615

Plaintiff anticipates testimony as to the figures listed on the Retail Purchase Order as well as the absence of the annual percentage rate, minimization of the amount

financed, security interest charges, date of the first monthly payment. Plaintiff also intends to introduce evidence regarding the amount paid on the contract to determine damages pursuant the RISFA. C.G.S. 36(a)-785.

Plaintiff anticipates 90 minutes of testimony.

Plaintiff intends to call the finance manager of Connecticut Auto Auction. Plaintiff wishes to introduce evidence of the transaction and procedures in place at the time of the transaction as to avoid the violations of the TILA.

Plaintiff anticipates 60 minutes of testimony.

Christy Kochanowicz
Finance Manager
Connecticut Auto Auction
230 Ferry Boulevard
Stratford, CT 06615

List of Witnesses for Defendant

Christy Kochanowicz, 235 Ferry Boulevard, Stratford, CT 06615, the Director of Operations for the Defendant, is expected to testify regarding the processing of the documentation for the transaction between the Plaintiff and the Defendant, including the processing of the repossession of the vehicle and the Plaintiff's redemption of the vehicle. Her direct testimony is expected to take 60 minutes.

(9) EXHIBITS

1. Retail Purchase Order for Motor Vehicle

2. Invoice

3. Repossession letter dated March 19, 2002

4. Receipt of payments made to CT Auto Auction

5. Non-Interest Promissory Note for Purchase of Motor Vehicle, dated November 10, 2001.

6. Affidavit of Repossession, dated March 18, 2002.

Defendant's Exhibits

In addition to the exhibits to be introduced by the Plaintiff the Defendant intends to introduce the following exhibits:

a. Non-Interest Promissory Note for Purchase of Motor Vehicle, dated November 10, 2001.

b. Affidavit of Repossession, dated March 18, 2002.

(10) TRIAL TO COURT

Plaintiff's findings of fact and conclusions of law.

a. That the defendant disclosed a finance charge of $200.00 on the retail purchase order.

b. That the defendant disclosed a finance charge of $0.00 on the non-interest promissory note.

c. That the defendant inconsistently and improperly disclosed the finance charge in violation of the TILA pursuant to 15 U.S.C. 1638 (a) (3).

d. That the defendant failed to disclose the accurate annual percentage rate on the retail purchase order. 15 U.S.C. 1638 (a) (4)

e. That the defendant failed to disclose the accurate annual percentage rate on the non-interest promissory note. 15 U.S.C. 1638 (a) (4)

f. That the defendant failed to provide a statement indicating whether or not the consumer is entitled to a rebate of any finance charge upon refinancing or prepayment in full pursuant to acceleration or otherwise pursuant to 15 U.S.C. 1638 (a)(11).

g. That the defendant failed to disclose a statement that a security interest has been taken in the 1993 Ford Aerostar (the property which is purchased as part of the credit transaction) pursuant to 15 U.S.C. 1638 (a)(9) & 12 C.F.R. δ226.18(o).

h. The defendant repossessed the plaintiff's car March 18, 2002.

i. The defendant advised the plaintiff via certified mail that she had 14 days from the date of repossession to redeem the vehicle.

j. Pursuant to C.G.S. 36(a) -785(c) the plaintiff had 15 days to redeem the car.

k. The defendant misstated the statute and improperly advised the plaintiff of her right under the statute.

l. The defendant violated C.G.S. 36(a) -785(c).

Defendant's Proposed Findings of Fact and Conclusions of Law

a. The Defendant provided the disclosures to the Plaintiff which were required by law. It disclosed that the extension of credit was interest-free; that the APR was zero and the finance charge (i.e., "the total dollar amount the credit will cost [the Plaintiff]" was zero; that there was a $200.00 service charge for the transaction, not for the extension of credit; that 52 weekly payments of $75.00 commencing on November 16, 2001 were owed, with one final payment of $95.00 due on November 24, 2002; and that a $10.00 late fee would be charged for any weekly payment that was more than two days late.

b. The Defendant did not violate the Truth in Lending Act and is entitled to judgment on the First Count of the complaint.

c. The Plaintiff was not misled by any disclosures or failures to disclose by the Defendant and suffered no damages arising out of the acts or omissions of the Defendant.

d. The Plaintiff suffered no monetary loss in connection with these disclosures.

e. The Defendant repossessed the vehicle on March 18, 2002.

f. The Defendant provided the Plaintiff with written notice, dated March 19, 2002, that she had 14 days from the date of repossession to redeem the vehicle. g. C.G.S. Section 36a-785(c) requires the Defendant to retain the vehicle for 15 days after repossession, but does not require that notice be given of the right to redeem within 15 days.

h. The Plaintiff redeemed the vehicle and suffered no damages arising out of the notice dated March 18, 2002.

(11) ANTICIPATED EVIDENTIARY PROBLEMS

The parties have none at the time of filing this motion

THE PLAINTIFF

BY _____
Michael W. Kennedy
101 West Main Street
Branford, CT 06405
(203) 481-4040
Fed. Bar # ct19664

THE DEFENDANT

BY _____ (by mwk)
Jonathan J. Klein, Esq.
1445 Capitol Avenue
Bridgeport, CT 06604
(203) 330-1900
Fed. Bar # ct00513